NUMBER 13-10-00192-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

RICHARD SUMMERS AND 

SHEILA SUMMERS,                                                                   
Appellants,          

                                                                             

 

v.

 

HIGHLAND COMPOSITE PROPERTY

OWNERS ASSOCIATION, INC.,                                                    Appellee.

                                                                                                                             

 

On appeal from the 9th
District
Court

of Montgomery County, Texas.

                                                                                                                             

 

OPINION

 

Before Justices Vela,
Perkes, and Hill[1]

 Opinion by Justice Hill


 

Richard Summers and
Sheila Summers appeal from a judgment, following a trial to the court, in favor
of Highland Composite Property Owners Association, Inc., for a sum representing
unpaid maintenance fees, plus attorney’s fees and costs.  In five issues,
appellants question the right of Highland to sue to recover these fees.  In a
sixth conditional issue, appellants urge that if Highland does not prevail in
this appeal, it should not be entitled to recover its attorney’s fees.  In
issues seven and eight, the appellants urge that the trial court erred in
holding that appellants’ lien could be executed against their property to the
full extent of the judgment, including attorney’s fees, and that the judgment
fails to comply with the mandates of Rule 301 of the Texas Rules of Civil
Procedure.  See Tex. R. Civ. P.
301.  We modify the judgment, and affirm the judgment as modified.  

Appellants contend in
issues one through five that:  (1) the trial court misapplied the Texas
Property Code to the evidence by holding that Highland is a valid property
owners association; (2) the trial court erred by holding that, as a valid
property owners association, Highland has the capacity and right to enforce
restrictions pursuant to Texas Property Code section 202.004(b); (3) the trial
court erred in holding that Highland is a valid property owners association and
that it has the right to enforce restrictions pursuant to Texas Property Code
section 202.004(b); (4) the trial court erred in impliedly holding that the
right and authority to enforce covenants under section 202.004(b) is the
equivalent of the right and authority to execute the order of the court without
distinguishing the rights and authority of a valid property owners association
versus a mere designated representative of a property owner; and (5) the trial
court erred in finding that Highland had the capacity to file suit against
them.  See Tex. Prop. Code Ann.
§ 202.004(b) (West 2007). 

The basis of the
appellants’ contention that Highland lacks authority to collect the unpaid fees
from them is that Highland is not a valid property owners association and
therefore does not have the capacity and right to enforce restrictions pursuant
to Texas Property Code section 202.004(b).  See id.  However, section 202.004(b)
provides that a property owners association or other representative
designated by an owner of real property may initiate, defend, or intervene
in litigation or an administrative proceeding affecting the enforcement of a
restrictive covenant.  See id.; Musgrave v. Brookhaven Property
Owners Assn., 990 S.W.2d 386, 394 (Tex. App.—Texarkana 1999, pet. denied). 
The appellants have stipulated that four of their lots are located in the
Greentree subdivision, while two of their lots are located in the Wildwood
Acres subdivision.  The record reflects that several property owners, including
one or more from each of those subdivisions, made an affidavit designating
Highland as their representative to enforce a warranty deed with vendor’s lien
that all of the properties in four listed subdivisions, including Greentree and
Wildwood Acres, are subject to.  Consequently, as a designated representative
under Texas Property Code section 202.004(b), Highland has the capacity to
bring this suit to enforce the deed restrictions.  See Tex. Prop. Code Ann. § 202.004(b); Musgrave,
990 S.W.2d at 394.  Appellants urge that the designations of Highland to
enforce deed restrictions refer to a deed whose restrictions their property is
not subject to.  However, in considering each designation as a whole, we find
that each reflects the intention of the homeowner to designate Highland as a
representative to enforce deed restrictions within his or her respective
subdivision. 

Appellants also
insist that the designation is no longer valid because there is no evidence
that the designors still owned property at the time of the filing of this suit
fifteen years following the designation; that any of the designors had not
withdrawn their designations; that the designors intended to make a designation
in view of the fact that Highland is not a valid property owners association;
or that the designors were aware that the fees being collected were twice the
amount authorized by the covenants of the subdivision.  The appellants present
no authority for their suggestion that Highland, having shown compliance with
Texas Property Code section 202.004(b), was required to present such evidence. 


Appellants contend
that even if Highland is a designated representative with the capacity to
enforce the requirement that they pay the fees required by the deed
restrictions, it does not have any authorization to collect those fees for
itself, inasmuch as it is not a valid property owners association.  It is
agreed that the restrictions in question establish that a fund for road
maintenance and the removal of litter is to be held by a Garden Club or some
other facility organized by the purchaser or grantee.  The appellants
acknowledge that a property owners association would be the equivalent of a
Garden Club such as that referred to in the restrictions.  Therefore, in order
to hold the fees collected, Highland was required to show that it is a valid
property owners association.  

In its judgment, the
trial court found that Highland is a valid property owners association.  The
appellants contend that there is no evidence to establish that Highland is a
valid property owners association for the subdivisions in which they own
property.  In reviewing a “no evidence” point, we must view the evidence in a
light that tends to support the finding of the disputed fact and disregard all
evidence and inferences to the contrary.  Bradford v. Vento, 48 S.W.3d
749, 754 (Tex. 2001)

As previously noted,
the deed restrictions in question do not establish Highland as the property
owners association for residents of the subdivision, only noting that fees
collected are to be handled by a garden club or some such facility organized by
the purchaser or grantee.  Section 204.006 of the Property Code deals with the
creation of property owners associations.  See Tex. Prop. Code Ann. § 204.006 (West 2007).  It is
inapplicable with respect to the restrictions in this cause because it applies
only to those restrictions which require additions or modifications by a vote
of more than 60% of the homeowners.  See id.  The restrictions at issue
in this cause only require a majority vote of the homeowners in order to make
additions to or modifications of the restrictions.  However, even though
section 204.006 of the Property Code is inapplicable, it may still be inferred
from its language that the Legislature contemplates that a property owners
association may be formed either by designation in the deed restrictions or by
approval of the percentage of homeowners designated in the original
restrictions, or by the percentage designated in the statute, in those
instances where the statute is applicable.  See id.  

The restrictions in
this cause may only be modified by a majority vote of the property owners.  While
the appellants acknowledge that a property owners association would likely be
considered as interchangeable with a garden club, there is nothing in the
record to indicate that a majority vote of the property owners in the
subdivisions in question has ever been taken authorizing Highland as a property
owners association with respect to those subdivisions.

 Highland, in urging
that it is a valid property owners association, relies on the definitions of
“property owners associations” contained in sections 204.004(a) and 209.002(7)
of the Property Code.  See Tex.
Prop. Code Ann. § 204.004(a) (West 2007); id. § 209.002(7) (West
2007).  Part of the definition in section 209.002(7) is that the association
manages or regulates the residential subdivision for the benefit of the owners
of property in the residential subdivision.  See id. §209.002(7)(C).  Other
than initiating this lawsuit to collect the fees to which we have referred, and
the bare assertion in its brief and oral argument, there is nothing in the
record to reflect that Highland manages or regulates any of the residential
subdivisions for the benefit of the owners of property in those subdivisions.  

Highland refers us to
its articles of incorporation, which state that it was formed for the following
purposes:  (1) to maintain beauty and harmony in Highlands Estate, Wildwood
Acres, Greentree, and Oakland Estates Subdivisions by providing amenities for
the subdivision and requiring conformity with restrictive covenants as set
forth in the deed records of Montgomery County, Texas; (2) to take such action
as deemed beneficial for the general health and welfare of the subdivision; (3)
to exercise, promote, and protect the privileges and interest of the residents
of Highland Estate, Wildwood Acres, Greentree, and Oakhurst Estates
Subdivisions; (4) to foster a healthy interest in the civic affairs of the
community and to develop good citizenship; and (5) to inquire into civic abuse
and to seek reformation thereof.  The fact that Highland was formed for these
purposes does not necessarily mean that it in fact manages or regulates any of
these residential subdivisions for the benefit of the owners of property in
these subdivisions.  

Highland also relies
on the document by which certain homeowners within the subdivisions at issue
designated it as their representative to initiate, defend, or intervene in
litigation or an administrative proceeding with respect to the enforcement of
deed restrictions.  We hold that even if Highland were designated by certain
homeowners within the subdivisions at issue to enforce deed restrictions, and, if
we further assume, but not hold, that this designation is the designation
referred to in sections 204.004 and 209.002 of the Texas Property Code, it is
insufficient to establish that Highland is a duly constituted property owners
association absent a showing that Highland manages or regulates these
residential subdivisions for the benefit of the owners of property in these
subdivisions.  Additionally, as noted above, we also hold that, in order to be
a valid property owners association for the subdivisions in question, the deed
restrictions must be amended by a majority of the homeowners in each
subdivision.   

In the absence of a
showing that it is a valid property owners association, Highland is not
entitled to hold the fees that it has collected.  The judgment should have
required that any maintenance fees collected be held in the registry of the
court for the benefit of the entity entitled to hold such funds under the
applicable restrictions.  See Tex.
Local Govt. Code Ann. §117.052 (c)(3) (West 2008); see also In re
Tasty Moments, LLC, 2011 Tex. App. LEXIS 2377, at *11 (Tex. App.—Corpus
Christi Mar. 31, 2011, orig. proceeding) (mem. op.) (“We note that depositing
funds into the registry of the court is a standard practice when the ownership
of funds is in dispute.”).  We therefore modify the judgment by adding a
provision, on the second page of the judgment, following “(8) all costs of
court,” which orders that any of the principal sum of Four Thousand Eight
Hundred Forty-four and no/100 dollars collected, plus any pre-judgment or
post-judgment interest collected thereon, be paid into the registry of the
court for the benefit of the entity shown by the deed restrictions in question
to be entitled to hold such funds.  We further modify the judgment by deleting
from the last paragraph, on the first page, the phrase, “is a valid Property
Owners Association and it,” so that it reads “IT IS FURTHER ORDERED that the
Plaintiff, HIGHLAND COMPOSITE PROPERTY OWNERS ASSOCIATION, INC., has the
capacity and right to enforce the Restrictions for the following subdivisions:
Greentree, Wildwood Acres, Highland Estates, and Oakhurst Estates, pursuant to
Section 202.004 of the Texas Property Code”.  We sustain issues one through
three in part, and overrule those issues in part.  We sustain issue four and
overrule issue five.  

In issues seven and
eight, the appellants urge that:  (7) the trial court erred in impliedly
holding that the appellees’ lien could be executed against their property to
the full extent of the judgment, including attorney’s fees, and (8) the
judgment fails to comply with the mandate of Rule 301 of the Texas Rules of
Civil Procedure.  Appellants present no argument or authority with respect to
either of these issues.  We overrule issues seven and eight.  SEE Tex. Rules
App. Proc. 38.1 (h)

We sustain issues one
through three in part, and overrule those issues in part.  We sustain issue
four, and overrule issues five, seven, and eight.  Inasmuch as Highland has
prevailed in this appeal with respect to its right to bring suit for and
collect the fees admittedly owed by the appellants, we overrule issue six.

We modify the
judgment as noted, and affirm the judgment as modified. 

III. 
Conclusion

            The judgment
of the trial court is affirmed as modified.

                                                                                                

 

                                                                                                

jOHN HILL

                                                                                                Justice

 

 

Delivered and
filed the 

29th day of August,
201.









            [1] Retired Second Court
of Appeals Justice John Hill assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to the government code.  See Tex. Gov’t Code Ann. § 74.003 (Vernon
2005).